UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1121-JWH-AS | Date | June 5, 2026 |
|---|---|---|---|
| Title | *Allan Hernandez v. Joshua Prudhel* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:     (IN CHAMBERS) ORDER TO SHOW CAUSE RE DISMISSAL**

On January 28, 2026, Allan Hernandez ("Petitioner"), a California inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition"). (Dkt. 1). Petitioner challenges his conviction and/or sentence for child sexual abuse charges in Los Angeles County Superior Court Case No. BA482331. (Id. at 3). However, as explained below, the Petition does not raise any actual grounds for relief and is subject to dismissal unless Plaintiff corrects this error. (Id. at 9, 11).

Petitioner indicates he appealed his conviction to the California Court of Appeal, but the grounds he reports he raised are not grounds for relief. See Dkt. 1 at 3, 5 (stating some alleged facts as grounds for relief; for example, as Ground 1 Petitioner states, "Hernandez advanced his flight from Honduras to Los Angeles, CA"). From the handwritten copy of the California Court of Appeal decision in People v. Hernandez, 2025 WL 2860270 (Cal. Ct. App. Oct. 9, 2025), review denied (Cal. Dec. 17, 2025), attached to the Petition, it appears that Petitioner may have raised the following grounds for relief: (1) the trial court erred in allowing the child victims' testimony because their testimony was coerced and inherently unreliable; (2) the trial court erred in allowing expert testimony re Child Sexual Abuse Accommodation Syndrome; (3) the prosecutor engaged in misconduct by eliciting evidence of uncharged sexual misconduct; (4) the prosecutor engaged in misconduct by erroneously arguing elements of one crime to the jury; (5) the trial court erred in instructing the jury with a modified unanimity instruction in CALCRIM 3501; and (6) cumulative error. Id. at *3-7.

Petitioner also indicates that he filed a petition for review with the California Supreme Court, but he has not listed the grounds he raised in that petition. (Dkt. 1 at 5). Petitioner refers to the California Supreme Court's denial of his petition for review and the California Court of Appeal's decision on review in People v. Hernandez, 2025 WL 2860270. (Id.). It is not clear from the Petition whether Petitioner presented the same grounds he may have raised with the California Court of Appeal to the California Supreme Court.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 26-1121-JWH-AS | | Date | June 5, 2026 |
|---|---|---|---|---|
| Title | *Allan Hernandez v. Joshua Prudhel* | | | |

Where Petitioner would list the grounds for relief he is raising with this Court in the Petition, Petitioner does not raise grounds for relief but again lists some factual allegations. He states: (1) "My wife posted a flower bouquet on Facebook"; (2) "Hernandez get married with Heidy N. to get her immigration status"; (3) "Heidy N. already had an order of deportation to Honduras"; (4) "Heidy N. put charges on Mr. Hernandez to get her immigration status"; and (5) "Hernandez cancelled her immigration status." (Dkt. 1 at 9, 11). It is not clear from the Petition what grounds Petitioner may be trying to raise with this Court.

### LEGAL STANDARD

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 reflects Congress's intent for the district courts to take an "active role in summarily disposing of facially defective habeas petitions." Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. Id. at 1128. A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. Id.

Habeas Rule 2(c) requires a habeas petitioner to "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." Where a petitioner does not meet the requirements of Rule 2(c), a district court is to "accept a defective petition," but "require the petitioner to submit a corrected petition that conforms to Rule 2(c)." See Hung Viet Vu v. Kirkland, 363 Fed. App'x 439, 442 (quoting Habeas Rule 2 Advisory Committee notes).

### ORDER TO SHOW CAUSE

The Petition violates Habeas Rule 2(c). Without stating his actual claims for relief, it plainly appears from the face of the Petition that Petitioner is not entitled to relief. Hung Viet Vu, 363 Fed. App'x at 441-42 (finding facial violation where the petition did not allude to the claims it sought to raise or the factual and legal grounds; noting petitioner had meant to attach his state appellate briefing to the original petition but had not done so); Habeas Rule 4. Rather than dismiss the Petition, the Court will allow Petitioner the opportunity to file an amended habeas petition that is not defective. Id. at 442.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 26-1121-JWH-AS | | Date | June 5, 2026 |
|---|---|---|---|---|
| Title | *Allan Hernandez v. Joshua Prudhel* | | | |

     **Based on the foregoing, Petitioner is ORDERED TO SHOW CAUSE, no later than July 6, 2026, why the Petition should not be dismissed.**  To discharge this Order and proceed with this action, Petitioner shall file, <u>no later than the July 6, 2026 deadline</u>, a First Amended Petition that articulates claims for relief with supporting facts, as instructed on the Central District's form habeas petition.  <u>See</u> Habeas Rule 2(d) ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.  The clerk must make forms available to petitioners without charge.").

     The Clerk is directed to send Petitioner another copy of the Central District's form habeas petition for his convenience.  <u>Id.</u>

     **Petitioner is cautioned that the failure timely to respond to this Order may result in the dismissal of the Petition for violating Habeas Rules 2 and 4, and/or dismissal of this action based on petitioner's failure to prosecute.**

     **IT IS SO ORDERED.**